ISHEE, J.,
for the Court:
¶ 1. In May 2007, Tammie R. Pittman, Jacob S. Pittman, and Shawn M. Pittman (the Pittmans) entered into a contract (the contract) for the purchase of a home in Florence, Mississippi. The contract listed Realty Executives as the Pittmans’ exclusive real-estate agent. Included in the contract was an arbitration agreement requiring the Pittmans and the seller of the property, Sean Farnham, to enter into arbitration in the event that any disputes arose out of the contract. The arbitration provision made no mention of Realty Executives or any other agent. In May 2009, the Pittmans filed suit in the Hinds County Circuit Court, First Judicial District, against Realty Executives, its authorized *86 agent Tanja Adams, and its parent company (collectively Realty), claiming that Realty failed to disclose to the Pittmans certain problems with the home and that the Pitt-mans detrimentally relied on Realty with regard to the purchase of the home. Thereafter, Realty filed a motion to dismiss the Pittmans’ action or, in the alternative, compel arbitration pursuant to the contract. The circuit court denied the motion on the ground that the arbitration provision in the contract specifically stated that it only applied to the Pittmans and Farnham. Aggrieved, Realty appeals, claiming the circuit court erred in its denial of the motion to dismiss or compel arbitration. Finding no error, we affirm the circuit court’s judgment.
STATEMENT OF FACTS
¶ 2. In 2007, the Pittmans enlisted Realty to assist them in their search for a home. Adams, as Realty’s agent, showed the Pittmans several homes in their desired area, including the home in question. On or about May 15, 2007, Adams helped facilitate the purchase of the home from Farnham through the contract. The arbitration provision in the contract provided that all disputes pertaining to the contract and arising between the Pittmans and Farnham would be mandatorily subjected to arbitration.
¶3. After acquiring title to the home, the Pittmans claim to have discovered that the home had previously been flooded and, as a result, is severely damaged. They also claim to have learned that the home is located in a Special Flood Hazard Area and that the home continues to be susceptible to flooding. The Pittmans assert that Realty had a legal duty to disclose this information to them before they purchased the home and that failure to do so resulted in the Pittmans’ detrimental reliance on Realty in buying the home.
¶ 4. The Pittmans filed suit against Realty in circuit court on May 15, 2009, claiming fraud, negligence or gross negligence, and constructive fraud; they requested rescission of the contract, damages, and fees. On July 22, 2009, Realty filed a motion to dismiss or to enforce arbitration. Therein, Realty claimed that because the Pittmans had failed to exhaust their administrative remedies by not first attempting arbitration, the case should be dismissed. Alternatively, Realty asserted that the circuit court should enforce arbitration of the matter pursuant to the arbitration agreement in the contract. On October 29, 2009, the circuit court entered an order denying Realty’s motions on the ground that Realty was not subject to the arbitration provision because the terms of the arbitration agreement only apply to the Pittmans and Farnham.
¶ 5. Realty timely filed this interlocutory appeal arguing that the circuit court erred in denying its motion. We disagree with Realty’s assertions of error and affirm the circuit court’s judgment.
DISCUSSION
¶ 6. It is well settled that we review questions of law de novo. Century 21 Maselle and Assocs., Inc. v. Smith, 965 So.2d 1031, 1035 (¶ 6) (Miss.2007) (citations omitted). Additionally, the grant or denial of a motion to compel arbitration is reviewed de novo. Simmons Housing, Inc. v. Shelton ex rel. Shelton, 36 So.3d 1283, 1286 (¶ 8) (Miss.2010) (citations omitted).
¶ 7. Here, Realty correctly notes that there exists “a presumption in favor of arbitration.” Qualcomm Inc. v. Am. Wireless License Group, LLC, 980 So.2d 261, 269 (¶ 15) (Miss.2007) (citation omitted). However, Realty also acknowledges that “a party generally is not required to arbitrate disputes unless that party previously agreed to do so.” Sim *87 mons Housing, 36 So.3d at 1286 (¶ 9) (citations omitted). As such, we must look to the arbitration agreement itself to determine if the circuit court correctly held that arbitration is not required here because the Pittmans never agreed to arbitrate disputes involving Realty.
¶ 8. The arbitration provision reads, in pertinent part, as follows:
Except for issues relating to title and ownership, environmental liability, and zoning, which shall not be subject to the requirements of this paragraph, in the event of any other dispute between Buyer and Seller arising out of this contract, the parties agree that any controversy or claim between them arising out of or relating to this Contract shall be settled exclusively by arbitration.
Nowhere in the arbitration provision does it mention Realty or any party other than the Pittmans, as the “Buyer,” and Farn-ham, as the “Seller.” As such, on its face, the arbitration provision does not apply to Realty, and the Pittmans are not required to arbitrate their dispute with Realty by arbitration.
¶ 9. Realty, however, argues that as a matter of law, the Pittmans should be required to arbitrate the matter. Realty cites B.C. Rogers Poultry, Inc. v. Wedgeworth, 911 So.2d 483, 491-92 (¶ 30) (Miss. 2005) as supporting authority for the principle that a non-signatory to a contract may have standing to compel arbitration if there is a close legal relationship with a signatory to the contract. In support thereof, Realty claims that it was a “disclosed dual agent” of both the Pittmans and Farnham, thus solidifying the “close legal relationship” between Realty and the signatories to the contract.
¶ 10. Realty references a document it signed along with Farnham on May 1, 2007, (Document One) that defined it as a “Disclosed Dual Agent.” The Pittmans did not sign Document One. Additionally, Document One clearly states in all capital letters: “THIS IS NOT A CONTRACT. THIS IS AN ACKNOWLEDGMENT OF DISCLOSURE.” Furthermore, Realty later signed a document with identical boilerplate language as Document One on May 16, 2007, (Document Two) with the Pitt-mans. However, Document Two listed Realty only as the “Buyer’s or Tenants [sic] Agent.” Document Two also contained the same language as that in Document One explaining that Document Two was not binding, but merely a disclosure.
¶ 11. It is clear that Document One and Document Two are not legally binding contracts. However, assuming ar-guendo they have legal merit, for Realty to have been a disclosed dual agent, it would have had to have received consent and acknowledgment from both Farnham and the Pittmans that Realty was representing both parties. However, Realty failed to disclose its agency with Farnham to the Pittmans. Furthermore, Realty essentially overrode any possible classification as a disclosed dual agent by signing Document Two with the Pittmans classifying Realty as the Pittmans’ exclusive “Buyer’s agent.” Notwithstanding the information contained in Document One and Document Two, the contract itself explicitly states: “Realty Executives is the agent of the Buyer exclusively.” Finally, at the bottom of the first page of the contract is a provision for “Attachments and Special Provisions.” Therein is a section, among others, listed as “Dual Agency Confirmation,” with designated spaces for the initials of buyers and sellers. The Dual Agency Confirmation section is blank, with no indication whatsoever that Realty was to be a disclosed dual agent. As such, we do not find Realty’s arguments that state law compels arbitration and that it was a disclosed dual agent to be persuasive.
*88 ¶ 12. Realty also claims it should be considered a third-party beneficiary to the contract. Realty states that it directly benefitted from the contract; therefore,.it was a “party” to the agreement and should be considered a party to the arbitration agreement. However, after reviewing the record and the contract, we cannot conclude that Realty should be considered a party to the arbitration agreement. Realty and the Pittmans had ample opportunity to provide language in the contract to their liking. In fact, Realty was specifically listed in the contract as the Pittmans’ agent, and the terms of the contract granted Realty 5% of the total sale price of the home. As such, Realty could have easily revised the terms of the contract to include themselves in the arbitration provision. However, Realty and the Pittmans chose not to include Realty in the arbitration agreement. As such, Realty cannot now claim that although it had the option to include itself in the arbitration provision and chose not to, that it should now be an applicable party. Realty’s role in the contract is clear. There is no ambiguity in the contract’s language, nor is there any case law persuading us that Realty was unfairly excluded from the arbitration provision. We find Realty’s arguments without merit and affirm the circuit court’s judgment.
¶ 13. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.